**CIVIL COVER SHEET**   14-Cv-4791

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
EDWARD KAPUSCINSKI
TG COOPER & CO. INC.

**(b)** County of Residence of First Listed Plaintiff   Burlington Co NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Arsen Kashkashian 10 Canal St, Ste 204, Bristol, PA 19007
Kashkashian & Associates
215-781-9500

## DEFENDANTS
ROBERT M. CAVALIER
ARNOLD DRANOFF

County of Residence of First Listed Defendant   Philadelphia   PA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 2  U.S. Government Defendant

☐ 3  Federal Question *(U.S. Government Not a Party)*

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☒ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:
Legal malpractice and breach of contract

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
08/11/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AUG 15 2014



## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT.  IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICED ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU.  YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIM IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY PLAINTIFF.  YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

COMMUNITY LEGAL SERVICES
1424 Locust Street
Philadelphia, Pennsylvania 19102
215-981-3700

LAWYER REFFERAL AND INFORMATION SERVICE
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
215-238-6333

## AVISO PARA DEFENDERSE

LE HAN DEMANDADO A USTED EN LA CORTE.  SE DESEA DEFENDERSE CONTRA LAS QUEJAS PERESENTADAS, ES ABSOLUT AMENTE NECESSARIO QUE USTED RESPONDA DENTRO DE 20 DIAS DESPUES DE SER SERVIDO CON ESTA DEMANDA Y AVISO. PARA DEFENDERSE ES NECESSARIO QUE USTED, O SU ABAGADO, REGISTRE CON LA CORTE EN FORMA ESCRITA, EL PUNTO DE VISTA DE USTED Y CUALQUIER OBJECCION CONTRA LAS QUEJAS EN ESTA DEMANDA.

RECUERDE: SI USTED NO REPONDE A ESTA DEMANDA, SE PUEDE PROSEQUIR CON EL PROCESO SIN SU PARTICIPACION, ENTONCES, LA COUTE PUEDE, SIN NOTIFICARIO, DECIDIR A FAVOR DEL DEMANDANTE Y REQUERIRA QUE USTED CUMPLA CON TODAS LAS PROVISIONES DE ESTA DEMANDA.  POR RAXON DE ESA DECISION, ES POSSIBLE QUE USTED PUEDA PERDER DINERO, PROPIEDAD U OTROS DERECHOS IMPORTANTES.

LLEVE ESTA DEMANDA A UN ABAGADO IMMEDIATEAMENTE.

SI NO CONOCE A UN ABAGADO, LLAME AL "LAWYER REFERENCE SERVICE"  (SERVICIO DE REFERENCIA DE ABAGADOS), 215-238-6300

COMMUNITY LEGAL SERVICES, INC.
1424 Locust Street
Philadelphia, Pennsylvania 19102
215-981-3700

LAWYER REFFERAL SERVICE
Philadelphia Bar Association
1101 Market Street, 11th Floor
Philadelphia, Pennsylvania 19107
215-238-6333

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

14 4791

Address of Plaintiff: __834 Waterford Drive Delran NJ 08075__

Address of Defendant: __1500 Walnut St, Ste 1500 Phila PA 19102__

Place of Accident, Incident or Transaction: __Philadelphia PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☑

Does this case involve multidistrict litigation possibilities?    Yes☐   No☑

*RELATED CASE, IF ANY:*

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☑ All other Diversity Cases
    (Please specify) __Legal Malpractice__

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __John M. Franklin__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __8/15/14__   _____   __88996__
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __8/15/14__   _____   AUG 15 2014   __88996__
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)



**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

Edward Kapuscinski
TG Cooper & Co Inv.
v.
Robert M. Cavalier & Arnold Dranoff

CIVIL ACTION

**14      4791**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                         ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                               ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                       ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                          ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.               (✗)

| | | |
|---|---|---|
| 8-11-14 | Arsen Keshkeshian | Plaintiffs |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-781-9500 | 215-781-6500 | Keshlaw@aol.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

AUG 15 2014



### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD KAPUSCINSKI | : | |
| 834 Waterford Drive | : | |
| Delran N.J. 08075 | : | |
| AND | : | CIVIL ACTION |
| TG COOPER & CO. INC. | : | |
| 834 Waterford Drive | : | NO.        14      4791 |
| Delran, N.J. 08075 | : | |
| Plaintiffs | : | |
| | : | |
| V. | : | |
| | : | |
| ROBERT M. CAVALIER | : | |
| LUCAS AND CAVALIER, LLC | : | |
| 1500 Walnut Street | : | |
| Suite 1500 | : | |
| Philadelphia, PA 19102 | : | |
| AND | : | |
| ARNOLD DRANOFF | : | |
| DRANOFF & PATRIZIO P.C. | : | |
| Two Penn Center Plaza | : | |
| 1500 JFK Blvd, Suite 1205 | : | |
| Philadelphia, PA 19102 | : | |
| Defendants | : | |

### COMPLAINT IN CIVIL ACTION - LEGAL PRACTICE

NOW COMES, Plaintiffs, Edward Kapuscinski and TG Cooper & Co. Inc., by and through their undersigned attorneys hereby file this Complaint in Civil Action for legal malpractice against Defendants, Robert M. Cavalier and Arnold Dranoff, and in support thereof avers as follows:

### THE PARTIES

1. Plaintiff is Edward Kapuscinski ("Kapuscinski"), an adult individual with an address captioned above.

2. Plaintiff, TG Cooper & Co. Inc. ("TG Cooper") is a Pennsylvania corporation duly organized within the Commonwealth of Pennsylvania with its office address captioned above.

3. Defendant is Robert M. Cavalier ("Cavalier"), an adult individual with an address for the conduct of business captioned above.

4. Defendant Cavalier is a partner in the law firm of Lucas & Cavalier, LLC.

5. Defendant Cavalier is a licensed attorney. Plaintiffs are asserting a professional liability claim against said Defendant.

6. Defendant is Arnold Dranoff ("Dranoff"), an adult individual with an address for the conduct of business captioned above.

7. Defendant Dranoff is a partner in the law firm of Dranoff & Petrizio, P.C.

8. Defendant Dranoff is a licensed attorney. Plaintiffs are asserting a professional liability claim against said Defendant.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1332 as the matter is between citizens of different states and the amount in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP

10. The parties to this action are completely diverse:

  a. Plaintiff Kapuscinski is a New Jersey citizen residing in New Jersey.

  b. Plaintiff TG Cooper has its office in New Jersey.

  c. Defendant Cavalier has his principal place of business within the Commonwealth of Pennsylvania.

    d. Defendant Dranoff has his principal place of business within the Commonwealth
of Pennsylvania.

## AMOUNT IN CONTROVERSY

11. Plaintiffs assert damages to be in the amount of $1,836,340.65.

## BACKGROUND

12. TG Cooper was the record owner of real property located at 2400 Venango Street,
Philadelphia ("Property").

13. At all times material hereto, Kapuscinski was the sole shareholder and officer of TG
Cooper.

14. At all times material hereto, Venango Truck Rental Inc. ("VTR") conducted its business at
2400 Venango Street, Philadelphia.

15. VTR operated a business on the Property renting trucks to the general public.

16. VTR is a Pennsylvania corporation duly organized within the Commonwealth of
Pennsylvania.

17. Edward Kapuscinksi and Patricia Kapuscinski (husband and wife) were the sole
shareholders and officers of VTR.

18. In 2002 Edward Kapuscinski, Patricia Kapuscinski and George Graeber ("Graeber")
entered into a written agreement whereby the Kapuscinskis agreed to sell, and Graeber
agreed to purchase, all of Edward and Patricia Kapuscinki's rights and interest in VTR.

19. In order for VTR to continue to conduct its business on the Property, TG Cooper entered
into a lease agreement with Mr. Graber for a portion of the Property occupied by VTR.

20. The term of the lease agreement was for five (5) years commencing September 1, 2002
and terminating August 31, 2007.

21. The lease agreement gave Graeber the right to purchase the Property at the then fair
market value prior to the expiration of said lease agreement.

22. At the expiration of the lease term, Mr. Graeber exercised his right to purchase the
Property and informed TG Cooper of his intention.

23. Graeber obtained an appraisal valuing the Property at $480,000.

24. Edward Kauscinski was given a value of at least $650,000.

25. The parties could not agree on the fair market value for the Property.

PROCEDURAL HISTORY

26. On August 23, 2007 Graeber initiated a lawsuit in Philadelphia County captioned "George Graeber v. Edward Kapuscinski and Patricia Kapuscinski" with a docket number of 070802661 (the "First Graeber Matter").

27. Edward Kapuscinski and Patricia Kapuscinski filed an answer, new matter and counterclaim to the Complaint filed in the First Graeber Matter.

28. The First Graeber Matter was initiated to compel the sale of the Property based on the appraisal obtained by Graeber.

29. On November 1, 2007 Edward Kapuscinski, Patricia Kapuscinski and TG Cooper initiated an action in Philadelphia County captioned "TG Cooper & Co. Inc., Edward Kapuscinski and Patricia Kapuscinski v. George Graeber" with a docket number 071004739 (the "First Kapuscinski Matter").

30. The First Kapusckinski Matter was based upon a confession of judgment contained within the lease agreement.

31. The demand in the First Kapuscinski Matter was for money damages and possession of the Property resulting from a breach of the lease agreement.

32. On June 10, 2011 Graeber initiated another lawsuit in Philadelphia County captioned "George Graeber v. TG Cooper & Co. Inc., Edward Kapuscinski and Patricia Kapuscinski" with a docket number of 110600735 (the "Second Graeber Matter").

33. The allegations in the Second Graeber Matter were identical to the allegations in the First Graeber Matter with the only difference being TG Cooper was added as an additional defendant.

34. On October 13, 2011 a second action was initiated by Edward Kapuscinski, Patricia Kapuscinski and TG Cooper in Philadelphia County captioned "TG Cooper & Co. Inc.,

Edward Kapuscinski and Patricia Kapuscinski v. George Graeber" with a docket number of 111001609 (the "Second Kapuscinski Matter").

35. The allegations in the Second Kapuscinski Matter were identical to the allegations in the First Kapuscinski Matter with the only difference being Plaintiffs were alleging a breach of contract pertaining to the lease agreement rather than proceeding on a confession of judgment theory.

36. In December 2007, the First Graeber Matter and the First Kapuscinski Matter were consolidated.

37. Plaintiffs retained the services of Samuel Silver, Esquire ("Silver") of Schnader, Harrison, Segal & Lewis to represent them in the First Graeber Matter and the First Kapuscinski Matter.

38. Attorney Silver entered his appearance in the First Graeber Matter on October 3, 2007 and withdrew his appearance on January 3, 2008.

39. Attorney Silver entered his appearance in the First Kapuscinski Matter on November 1, 2007 and withdrew his appearance on January 3, 2008.

40. Defendant Cavallier replaced Attorney Silver in the First Graeber Matter and the First Kapuscinski Matter.

41. Defendant Cavallier entered his appearance in the First Graeber Matter and the First Kapuscinski Matter on January 3, 2008 and remained as counsel until its conclusion.

42. Defendant Cavallier also represented Plaintiffs in the Second Graeber Matter and the Second Kapuscinski Matter from the commencement of each respective case to its conclusion.

43. Defendant Dranoff entered his appearance as co-counsel in the Kapuscinski Matter on March 12, 2012.

44. Defendant Dranoff remained as co-counsel throughout the Kapuscinski Matter until its conclusion.

45. All four cases were consolidated on December 13, 2011 under docket number 070802261 and from herein shall be collectively referred to as the "Kapuscinski Matter".

46. The Kapuscinski Matter went to a non jury trial before the Honorable Albert Sheppard Jr.

47. Graeber presented the testimony of Edward Snyder who appraised the Property at $480,000.

48. Mr. Snyder was not a commercial appraiser and therefore was not qualified or licensed to be an expert in appraising commercial real estate.

49. Edward Kapuscinski testified he was given a value for the Property to be at least $650,000.

50. Plaintiffs then presented the testimony of Lou Iatarola who appraised the Property to be $950,000.

51. Lou Iatarola is a certified commercial appraiser licensed to conduct business within the Commonwealth of Pennsylvania.

52. At the conclusion of the bench trial, Judge Sheppard found in favor of Graeber and against the Plaintiffs.

53. Judge Sheppard Ordered the sale of the Property to Graeber and placed the fair market value of the Property at $565,000.

54. The fair market value of the Property given by Judge Sheppard is the average of $480,000, which was the value given by Graeber's witness, and $650,000, which was the value given by Edward Kapuscinski.

55. Judge Sheppard ignored the testimony of Lou Iatarola who appraised the Property at $950,000.

56. Plaintiffs appealed the decision of Judge Sheppard to the Superior Court of Pennsylvania.

57. The Superior Court vacated the Order issued by Judge Sheppard and dismissed the First Graeber Matter.

58. The Superior Court also remanded the First Graeber Matter to the lower court for the adjudication of Plaintiffs' counterclaim only.

59. The dismissal of the First Graeber Matter was due to the fact Graeber failed to name TG Cooper as the proper party to the lawsuit.

60. It was TG Cooper who was the record owner of the Property and not Edward Kapuscinski or Patricia Kapuscinski.

61. Graeber appealed the decision of the Superior Court to the Supreme Court of Pennsylvania who declined to hear the matter.

62. On June 10, 2011 Graeber filed the Second Graeber Matter and included TG Cooper as a defendant.

63. On October 13, 2011 Plaintiffs filed the Second Kapuscinksi Matter.

64. On November 17, 2011 Graeber filed a motion to consolidate all four cases – The First Graeber Matter, the Second Graeber Matter, the First Kapuscinski Matter and the Second Kapuscinski Matter.

65. The Defendants failed to answer or otherwise respond to Graeber's motion to consolidate.

66. On December 13, 2011 the Court granted Graeber's motion to consolidate.

67. As a result of the consolidation of all four cases the lower court failed to hear the Plaintiffs' on their counterclaim in the First Graeber Matter as Ordered by the Superior Court.

68. The Kapuscinksi Matter was subsequently settled without Plaintiffs' knowledge.

69. The Kapuscinksi Matter was settled without Plaintiffs' consent.

## COUNT I - LEGAL MALPRACTICE
### PLAINTIFFS V. ROBERT M. CAVALLIER AND ARNOLD DRANOFF

70. Plaintiffs hereby incorporate the preceding paragraphs of their Complaint as though fully set forth at length herein.

71. Plaintiffs were never consulted with respect to the settlement of the Kapuscinski Matter.

72. Plaintiffs never consented to the settlement of the Kapuscinski Matter.

73. In fact Plaintiffs did not even know the Kapuscinski Matter was settled.

74. Defendant Cavallier represented the Plaintiffs from January 1, 2008 to the conclusion of the Kapuscinski Matter.

75. Defendant Dranoff represented the Plaintiffs from March 12, 2012 to the conclusion of the Kapuscinski Matter.

76. The Defendants, acting as co-counsel in the Kapuscinski Matter, failed to perform their duties in a professional manner.  Specifically, the Defendants failed to do the following:

    a.  To object to the qualifications of Graeber's witness who was not certified or licensed to be an appraiser of commercial property;

    b.  To appeal Judge Albert Sheppard's improper determination for the value of the Property;

    c.  To proceed on Plaintiffs' counterclaim after the Superior Court vacated Judge Albert Sheppard's decision in the First Graeber Matter;

    d.  To answer or otherwise respond to Graeber's motion to consolidate filed on November 17, 2011;

    e.  To demand rent arrears due Plaintiffs from the lease of the Property to Graeber beyond the lease term;

    f.  To demand late fees associated with the non payment of rent as outlined in paragraph 76 (e) of this Complaint;

    g.  To demand payment for the use of 15 parking spaces designated for the use of Plaintiffs pursuant to the lease agreement between TG Cooper and Graeber and improperly used by Graeber who rented said parking spaces to third parties;

    h.  To demand payment for outstanding fines issued by Philadelphia Licenses and Inspections relating to a sprinkler system contained within the Property which fine Graeber was financially responsible;

    i.  To demand the repayment of monies expended by Plaintiffs for repairs and expenses made to the Property, which repairs and expenses were the sole responsibility of Graeber pursuant to the lease agreement;

    j.  To demand the repayment of real estate taxes paid by Plaintiffs for years 2007 through and including 2012 which were the responsibility of Graeber pursuant to the lease agreement;

    k.  To demand rental income from Graeber for the use of a portion of the Property which was excluded from the lease agreement between TG Cooper and Graeber;

    l.  To demand payment for equipment owned by Plaintiffs and damaged by Graeber while in Graeber's possession and control;

    m.  To appeal Judge McInerney's determination as to what was considered a fixture upon the Property and what was considered Plaintiffs' personal property;

    n.  To inform Plaintiffs as to what was transpiring throughout the litigation of the Kapuscinski Matter; and

    o.  To obtain Plaintiffs' informed consent to settle the Kapuscinski Matter.

77. As a direct and proximate result of the Defendants' failure to object to the qualifications of Graeber's witness, Plaintiffs did not receive a fair market value for the Property amounting to a loss of a minimum of $430,000.

78. As a direct and proximate result of the Defendants' failure to appeal Judge Sheppard's valuation of the Property, Plaintiffs did not receive a fair market value for the Property amounting to a loss of a minimum of $430,000.

79. As a direct and proximate result of the Defendants' failure to answer or otherwise respond to Graeber's motion to consolidate filed on November 17, 2011, Plaintiffs were unable to proceed with their counterclaim.

80. As a direct and proximate result of the Defendants' failure to demand rental income for the Property beyond the lease term, Plaintiffs failed to receive approximately $546,000.

81. As a direct and proximate result of the Defendants' failure to demand late fees associated with the rental income due Plaintiffs as outlined in the previous paragraph of Plaintiffs' Complaint, Plaintiffs did not receive approximately $87,360 which sums they were legally entitled;

82. As a direct and proximate result of the Defendants' failure to demand payment for the use of 15 parking spaces improperly retained by Graeber, Plaintiffs were deprived of

rental income for said parking spaces for seven years amounting to approximately
$189,000.

83. As a direct and proximate result of the Defendants' failure to demand payment for
outstanding fines issued by Philadelphia Licenses and Inspections relating to a sprinkler
system within the Property, Plaintiffs paid approximately $14,000, which to this day
continues to be a lien upon real property owned by Edward Kapuscinski.

84. As a direct and proximate result of the Defendants' failure to demand monies paid by
Plaintiffs for repairs and expenses made to the Property which repairs and expenses
were the sole responsibility of Graeber, Plaintiffs incurred expenses approximating
$39,459.65.

85. As a direct and proximate result of the Defendants' failure to demand real estate taxes
paid by Plaintiffs for years 2007 through and including 2012, Plaintiffs incurred expenses
amounting to about $48,521.

86. As a direct and proximate result of the Defendants' failure to demand payment for
equipment owned by Plaintiffs and damaged by Graeber, Plaintiffs incurred a loss of
approximately $50,000.

87. As a direct and proximate result of the Defendants' malpractice, Plaintiffs were required
to pay Graeber's attorney fees in the amount of $32,000 with respect to a contempt
hearing resulting from Defendants' settlement of the Kapuscinski Matter despite the
fact Plaintiffs were never informed of the settlement much less consented to said
settlement.

WHEREFORE, Plaintiffs, Edward Kapuscinski and TG Cooper Co. Inc., demand judgment
against Defendants, Robert M. Cavalier and Arnold Dranoff, individually, jointly and severally
for a sum of $1,436,340.65 plus interest, cost of suit and attorney fees.

COUNT II – BREACH OF CONTRACT
PLAINTIFFS V. ROBERT M. CAVALLIER AND ARNOLD DRANOFF

88. Plaintiffs hereby incorporate the preceding paragraphs of their Complaint as though
fully set forth at length herein.

89. Plaintiffs retained the services of the Defendants to represent them in the Kapuscinski
Matter.

90. Defendants breach their contractual obligations owed to Plaintiff.  Specifically, the
Defendants failed to do the following:

    a.  To object to the qualifications of Graeber's witness who was not certified or
licensed to be an appraiser for commercial property;

    b.  To appeal Judge Albert Sheppard's improper determination for the value of the
Property;

    c.  To proceed on Plaintiffs' counterclaim after the Superior Court vacated Judge
Albert Sheppard's decision in the First Graeber Matter;

    d.  To answer or otherwise respond to Graeber's motion to consolidate filed on
November 17, 2011;

    e.  To demand rent arrears due Plaintiffs from the lease of the Property to Graeber
beyond the lease term;

    f.  To demand late fees associated with the non payment of rent as outlined in
paragraph 90 (e) of this Complaint;

    g.  To demand payment for the use of 15 parking spaces designated for the use of
Plaintiffs pursuant to the lease agreement between TG Cooper and Graeber and
improperly used by Graeber who rented said parking spaces to third parties;

    h.  To demand payment for outstanding fines issued by Philadelphia Licenses and
Inspections relating to a sprinkler system contained within the Property which
fine Graeber was financially responsible;

    i.  To demand the repayment of monies expended by Plaintiffs for repairs and
expenses made to the Property, which repairs and expenses, were the sole
responsibility of Graeber pursuant to the lease agreement;

j.   To demand the repayment of real estate taxes paid by Plaintiffs for years 2007 through and including 2012 which were the responsibility of Graeber pursuant to the lease agreement;

k.   To demand rental income from Graeber for the use of a portion of the Property which was excluded from the lease agreement between TG Cooper and Graeber;

l.   To demand payment for equipment owned by Plaintiffs and damaged by Graeber while in Graeber's possession and control;

m.   To appeal Judge McInerney's determination as to what was considered a fixture upon the Property and what was considered Plaintiffs' personal property;

n.   To inform Plaintiffs as to what was transpiring throughout the litigation of the Kapuscinski Matter; and

o.   To obtain Plaintiffs' informed consent to settle the Kapuscinski Matter.

91.   As a direct and proximate result of the Defendants' failure to object to the qualifications of Graeber's witness, Plaintiffs did not receive a fair market value for the Property amounting to a loss of a minimum of $430,000.

92.   As a direct and proximate result of the Defendants' failure to appeal Judge Sheppard's valuation of the Property, Plaintiffs did not receive a fair market value for the Property amounting to a loss of a minimum of $430,000.

93.   As a direct and proximate result of the Defendants' failure to answer or otherwise respond to Graeber's motion to consolidate filed on November 17, 2011, Plaintiffs were unable to proceed with their counterclaim.

94.   As a direct and proximate result of the Defendants' failure to demand rental income for the Property beyond the lease term, Plaintiffs failed to receive approximately $546,000.

95.   As a direct and proximate result of the Defendants' failure to demand late fees associated with the rental income due Plaintiffs as outlined in the previous paragraph of Plaintiffs' Complaint, Plaintiffs did not receive approximately $87,360 which sums they were legally entitled;

96.   As a direct and proximate result of the Defendants' failure to demand payment for the use of 15 parking spaces improperly retained by Graeber, Plaintiffs were deprived of

rental income for said parking spaces for seven years amounting to approximately $189,000.

97. As a direct and proximate result of the Defendants' failure to demand payment for outstanding fines issued by Philadelphia Licenses and Inspections relating to a sprinkler system within the Property, Plaintiffs paid approximately $14,000, which to this day continues to be a lien upon real property owned by Edward Kapuscinski.

98. As a direct and proximate result of the Defendants' failure to demand monies paid by Plaintiffs for repairs and expenses made to the Property which repairs and expenses were the sole responsibility of Graeber, Plaintiffs incurred expenses approximating $39,459.65.

99. As a direct and proximate result of the Defendants' failure to demand real estate taxes paid by Plaintiffs and owed by Graeber for years 2007 through and including 2012, Plaintiffs incurred expenses amounting to about $48,521.

100.    As a direct and proximate result of the Defendants' failure to demand payment for equipment owned by Plaintiffs and damaged by Graeber, Plaintiffs incurred a loss of approximately $50,000.

101.     As a direct and proximate result of the Defendants' malpractice, Plaintiffs were

required to pay Graeber's attorney fees in the amount of $32,000 with respect to a

contempt hearing resulting from Defendants' settlement of the Kapuscinski Matter

despite the fact Plaintiffs were never informed of the settlement much less consented

to said settlement.

WHEREFORE, Plaintiffs, Edward Kapuscinski and TG Cooper Co. Inc., demand judgment

against the Defendants, Robert M. Cavalier and Arnold Dranoff, individually, jointly and

severally for a sum of $400,000 plus interest representing legal fees paid to said

Defendants.

KASHKASHIAN & ASSOCIATES

ARSEN KASHKASHIAN, ESQUIRE
JOHN M. FRANKLIN, ESQURIE
Attorneys for Plaintiffs
Attorney ID No. 12779
Attorney ID No. 88996
10 Canal Street, Ste 204
Bristol, PA 19007
215-781-9500
Kashlaw@aol.com

<u>VERIFICATION</u>

I, ARSEN KASHKASHIAN, ESQUIRE hereby state that I am the attorney for the Plaintiffs and that I am authorized to take this Affidavit on behalf of my clients and that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

The undersigned understands that false statements made herein are subject to the penalties relating to unsworn falsifications to authorities.

Dated: August 11, 2014   KASHKASHIAN & ASSOCIATES

ARSEN KASHKASHIAN, ESQUIRE
Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD KAPUSCINSKI | : | |
| 834 Waterford Drive | : | |
| Delran N.J. 08075 | : | |
| AND | : | CIVIL ACTION |
| TG COOPER & CO. INC. | : | |
| 834 Waterford Drive | : | NO. |
| Delran, N.J. 08075 | : | |
|        Plaintiffs | : | |
| | : | |
| V. | : | |
| | : | |
| ROBERT M. CAVALIER | : | |
| LUCAS AND CAVALIER, LLC | : | |
| 1500 Walnut Street | : | |
| Suite 1500 | : | |
| Philadelphia, PA 19102 | : | |
| AND | : | |
| ARNOLD DRANOFF | : | |
| DRANOFF & PATRIZIO P.C. | : | |
| Two Penn Center Plaza | : | |
| 1500 JFK Blvd, Suite 1205 | : | |
| Philadelphia, PA 19102 | : | |
|        Defendants | : | |

## CERTIFICATE OF MERIT PURSUANT TO PA.R.C.P. 1042.3
## AS TO DEFENANTS, ROBERT M. CAVALLIER AND ARNOLD DRANOFF

I, ARSEN KASHKASHIAN, certify that:

An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by these defendants in the treatment, practice or work that is the subject of the Complaint, fell outside

acceptable professional standards and that such conduct was a cause in bringing about harm.

Dated:  July 23, 2014

KASHKASHIAN & ASSOCIATES

ASEN KASHKASHIAN, ESQUIRE
JOHN M. FRANKLIN, ESQUIRE
Attorneys for Plaintiffs
Attorney ID No. 12779
Attorney ID No. 88996
10 Canal Street, Ste 204
Bristol, PA 19007
215-781-9500
Kashlaw@aol.com